## FLEMING v. MONTANA COAL & IRON CO.

(District Court, D. Montana.   February 5, 1923.)

### No. 103.

1. **Corporations** ⊚⇒457—**Provisions of trust deed as to sinking fund and re-demption of bonds held not to prevent corporation from purchasing its bonds in the open market.**

A trust deed securing corporate bonds, and requiring the corporation to maintain a sinking fund, and providing that, when it should amount to a specified· sum, the trustee should purchase bonds offered at the lowest price, not exceeding 105, and if such offers did not exhaust the fund, should by lot call and redeem bonds at 105, and that the corporation might draw by lot, call, and redeem bonds at that price, did not prevent the corporation from purchasing bonds in the open market, where it was not failing to maintain the sinking fund.

2. **Injunction** ⊚⇒1—**Not granted merely because unresisted.**

Injunction is an extraordinary remedy, and will not be granted, merely because unresisted.

In Equity.   Suit by Henry S. Fleming against the Montana Coal & Iron Company for an injunction.   Injunction denied.

Geo. F. Shelton, of Butte, Mont., and Folger & Rockwood, of New York City, for plaintiff.

Johnston, Coleman & Johnston, of Billings, Mont., and Thomas M. Kearney, of Racine, Wis., for defendant.

BOURQUIN, District Judge.   Owning some of defendant's bonds, plaintiff seeks to enjoin its purchase in open market of any of the issue. It appears the bonds are secured by a trust deed which provides that defendant will maintain a sinking fund of 2 to 5 cents per ton of coal by it mined; that, whenever this fund amounts to $10,000, the trustee (Empire Trust Company) shall solicit and purchase bonds offered at the lowest price, but not to exceed 105; that, if offers do not suffice to exhaust the fund, to that end the trustee shall draw by lot, call, and redeem bonds at 105; and that at any time defendant may draw by lot, call, and redeem bonds at 105.   It further appears that defendant has been purchasing its bonds at par or less in open market, but it does not appear it has failed to perform its contract in respect to the sinking fund.

[1] Plaintiff contends that the methods of redemption of the trust deed are exclusive, that therein he has a prospect of redemption of his bonds at 105 before maturity, and that defendant's open market purchases defeat this prospect and impair his right.   In so far as compulsory redemption prior to maturity is concerned, plaintiff is right; but this in no wise debars defendant from voluntary redemption—that is, from purchasing in open market or private sale any bonds that the owners are willing to sell.   It is very clear that this right of purchase is not of the terms of, and is unaffected by, the trust deed—has not been bartered away.

[2] Plaintiff has no ground for complaint.   Indeed, it is to plaintiff's advantage that surplus funds are devoted to decrease the bond

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

debt, instead of to increase dividends. For thus (apologies to Monsieur Coué) from day to day in every way his security is getting better and better. Nor is it material that defendant does not resist injunction, for injunction is an extraordinary remedy, not to be made ordinary, and so abused, merely because unresisted.

Denied.